UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORI HALL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-cv-355-WES-PAS |
| | : | |
| CARLOS DEL TORO, SECRETARY, | : | |
| U.S. DEPARTMENT OF THE NAVY | : | |
|     Defendant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are two motions of Plaintiff Lori Hall for a stay (ECF Nos. 31, 33)[1] and the show cause response of Defendant Carlos Del Toro, Secretary of the Navy ("Navy") (ECF No. 32). Plaintiff's motions ask the Court to stay any further proceedings in this case pending the conclusion of administrative proceedings before the Equal Employment Opportunity Commission ("EEOC") in connection with a complaint that she filed in the EEOC on August 29, 2016 (the "Pending EEOC Complaint"). Based on the Court's show cause order of January 10, 2022, the Navy has asked the Court to deny the stay and to allow this nearly four-year-old case to proceed to conclusion; it argues that this case rests on the allegations in a different EEOC complaint (the "Exhausted EEOC Complaint") and that the issues in the Pending EEOC Complaint have not been asserted in this action. The motions and the show cause response have been referred to me for determination.

---

[1] The motion docketed as ECF No. 31 also asked the Court to extend the fact discovery period by four days. That aspect of the motion was granted by separate text order issued on January 26, 2022. Plaintiff supplemented the motion docketed as ECF No. 33 by subsequent filings (ECF Nos. 34-36). The Court has considered all of them. Because Plaintiff is *pro se*, the Court reviewed her filings liberally. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000); see Ryan v. Krause, No. 11-cv-00037-JAW, 2012 WL 2921815, at *8 (D.R.I. July 17, 2012) (courts are more lenient with *pro se* litigants).

I.      BACKGROUND[2]

For thirty years, Plaintiff worked as a "disposal specialist" for the Navy until she was "removed from her position" on August 1, 2017. Complt. (ECF No. 1) ¶¶ 11, 24. Beginning in early 2016 and possibly earlier, Plaintiff alleges that her supervisor's conduct subjected her to a hostile work environment based on her gender. See id. ¶ 13. In early 2016, Plaintiff informally complained, resulting in a mediation agreement that the harassment would stop, but it did not. Id. ¶¶ 13-17. On October 4, 2016, acting through her then-attorney, Richard Savage, Esq., Plaintiff filed the Pending EEOC Complaint alleging discrimination based on sex, age and disability, as well as retaliation and harassment for the filing the informal complaint, during the period from March 2016 through February 21, 2017.[3] Horne Dec. (ECF No. 32-1) ¶¶ 10, 13. The Pending EEOC Complaint was investigated, Attorney Savage requested a hearing before an administrative law judge ("ALJ") and the Complaint was "sent out for hearing before an [ALJ] of the [EEOC]." Complt. ¶ 19; Horne Dec. ¶ 11.

Despite Plaintiff's complaints and the Pending EEOC Complaint, Plaintiff alleges that the hostile work environment based on her gender continued. Complt. ¶¶ 20-21. Finally, on June 15, 2017, in reliance on "false and/or misleading reasons," Plaintiff's supervisor sent a "notice of proposed removal" to Plaintiff. Id. ¶¶ 22-23, 27-29. The Navy removed Plaintiff from her job on August 1, 2017. Id. ¶ 29; Horne Dec. ¶ 14. Plaintiff alleges that the removal was because of her gender, as well as in retaliation for her filing the informal complaint and the Pending EEOC

---

[2] This background is drawn from Plaintiff's complaint, the Horne Declaration filed by the Navy with its show cause response, the parties' Rule 16 Statements and Plaintiff's many filings, including attachments she filed that relate to the EEOC proceedings. The Court notes that the information available to it regarding the EEOC proceedings is limited to these sources. That is, the Court does not have access to, and has not accessed, any EEOC materials or any information regarding the EEOC proceedings other than what the parties have provided.

[3] The Pending EEOC Complaint was twice amended by Plaintiff, on October 27, 2016, and February 27, 2017. Horne Dec. ¶ 10.

Complaint and her refusal to drop the Pending EEOC Complaint. Id. ¶¶ 25-26. On November 14, 2017, Attorney Savage filed the Exhausted EEOC Complaint with the EEOC; this Complaint is focused on Plaintiff's August 1, 2017, removal and alleges that the removal was based on gender discrimination and retaliation. Complt. ¶ 7; Horne Dec. ¶¶ 16-17. Meanwhile, the Pending EEOC Complaint (focused on sex, age and disability discrimination resulting in retaliation and harassment during the period from March 2016 through February 21, 2017) was transferred to the Hearings Unit of the EEOC Seattle field office on November 20, 2017, and remained pending. Horne Dec. ¶15.

The "final agency decision" regarding the Exhausted EEOC Complaint issued on May 23, 2017. Complt. ¶ 8; Horne Dec. ¶ 19. Plaintiff (timely, as she alleges) filed this case in this Court on June 27, 2018, based on the claim that had been administratively exhausted by the Exhausted EEOC Complaint. The complaint's sole focus is on Plaintiff's claim that her removal from her position was based on gender discrimination and retaliation. Complt. ¶¶ 31-37. In its answer, the Navy denied all of Plaintiff's material allegations and asserted the affirmative defense that Plaintiff's "claims are barred to the extent they are based on matters that were not properly raised or timely exhausted in the administrative process." Answer (ECF No. 6) at 5.

Two months after this case was filed, a pivotal event occurred in connection with the Pending EEOC Complaint. That is, on August 18, 2018, Attorney Savage, purporting to act on Plaintiff's behalf,[4] wrote to an ALJ of the EEOC and petitioned "to withdraw the above case from the EEOC Hearing Calendar so that she can file this case in federal court." Horne Dec. ¶ 20 & Ex. C. Attorney Savage's letter advised that Plaintiff already had a case pending in federal

---

[4] Plaintiff now hotly disputes that Attorney Savage was authorized to write the 2018 petition letter or to make this request of the EEOC.

court concerning her removal from her position and wished to consolidate the charges in the Pending EEOC Complaint with those in her federal court complaint; he wrote, "Ms. Hall and I feel that the most efficient way to handle these claims would be to have them heard as one case, in one forum." Id. Based on this petition letter, the EEOC apparently "closed the case" on the Pending EEOC Complaint; however, through inadvertence (as the EEOC now states), no dismissal order issued. See ECF No. 28 at 19; Horne Dec. Ex. D.

Plaintiff alleges that, until October 2021, she was unaware of what had happened to the Pending EEOC Complaint. E.g., ECF No. 30. The documents that she has filed appear to corroborate this assertion. See ECF No. 28 at 31, 46-47. These documents also reflect the representation by Attorney Savage to the EEOC on November 3, 2021, that "neither myself or Ms. Hall ever received a 'Notice of Dismissal' or a 'Right to Sue' from the EEOC," and that "[t]his caused me to assume the case was still open at the EEOC." ECF No. 28 at 31. The Court has scoured the materials filed by Plaintiff; these suggest that, until the fall of 2021, neither party knew that Plaintiff's petition to withdraw the Pending EEOC Complaint had been granted at least to the extent that the matter had been "closed."

Meanwhile in this case, on April 19 and 22, 2019, the parties filed their Rule 16 Statements. ECF Nos. 8, 9. In Plaintiff's statement, Attorney Savage advised the Court that this case is focused solely on Plaintiff's removal, as well as the following regarding the Pending EEOC Complaint:

> On October 4, 2016, as a result of the harassment continuing, Plaintiff filed a . . . formal complaint against Defendant. The above complaint has already been investigated with an investigation file. <u>It has now been sent out for hearing before an Administrative Law Judge of the [EEOC]</u>.

ECF No 9 at 1-2 (emphasis supplied). Similarly, the Navy advised the Court that "Plaintiff's allegations seem to stem from two different EEOC complaints, <u>one of which is still pending</u>

4

before the EEOC." ECF No. 8 at 2 (emphasis supplied). The Navy also alerted the Court that it might argue failure to exhaust to the extent that Plaintiff seeks to rely on matters asserted in that still-ongoing proceeding. Id. Following the Rule 16 conference, this case proceeded to discovery based on the issues framed by the pleadings. During the fact phase, Plaintiff made seven motions to extend the fact discovery period that were granted in whole or in part. ECF Nos. 11, 12, 13, 18, 19, 26. As a result, the fact discovery phase of the case has swelled by more than two years, from January 31, 2020, the fact closure date set by ECF No. 10, to the current fact closure date of February 17, 2022.[5] On July 16, 2021, the motion of Attorney Savage to withdraw was granted by text order; since that time, Plaintiff has been *pro se*. At no time has Plaintiff sought to amend her complaint pursuant to Fed. R. Civ. P. 15 and DRI LR Cv 15 to add the allegations set forth in the Pending EEOC Complaint.[6] As of this writing, it appears to the Court that her intent is to pursue that claim before the EEOC.

In the EEOC, the Pending EEOC Complaint remained closed but was not dismissed. After she became *pro se* in 2021, Plaintiff initiated communications about its status directly with

---

[5] Plaintiff's eighth motion to extend the fact discovery phase by four days to February 17, 2022, was granted by text order of January 26, 2022. The Court notes that the Navy advises that Plaintiff has failed to provide complete responses to Interrogatories in compliance with the Order of January 10, 2022.

[6] Embedded in ECF No. 29, Plaintiff did file what she called a motion to "reclassify single sexual discrimination perpetrator to coordinated effort." ECF No. 29. The Court struggled to understand Plaintiff's filing and argument in support of this motion; ultimately, the Court ruled by Text Order of Jan. 10, 2022, in pertinent part as follows:

> [H]aving heard Plaintiff's lengthy argument regarding her motion to reclassify single sexual discrimination perpetrator to coordinated effort, the Court reiterates the advisory made on the record – that Plaintiff's claim has not been classified, but rather is based on the content of her complaint. To that extent, the Court interprets the motion as one to amend her complaint; it is denied for failure to comply with Fed. R. Civ. P. 15, including by filing a proposed amended pleading. If Plaintiff wishes to seek to amend the complaint, she must do so in compliance with Fed. R. Civ. P. 15 and the Courts Local Rule (LR Cv. 15).

Construing Plaintiff's filing and argument leniently, as is required, the Court finds that this motion did not seek to amend by adding the allegations in the Pending EEOC Complaint. Rather, it sought to extend the blame for her retaliatory removal to other perpetrators beyond her immediate supervisor.

the EEOC and with Attorney Savage; she has filed some of that correspondence in this Court. ECF No. 28 at 6-48. According to one of these documents, on November 1, 2021, an ALJ of the EEOC advised Plaintiff in an *ex parte* email as follows:

> Your case had been dismissed from the EEOC docket back in 2018 based upon a request to withdraw to go to federal court. I understand that you are asserting that you did not authorize your (former) attorney to do that. However, to rectify the situation now – years later – you must go through the EEOC's Office of Federal Operations (OFO) to request that your case be reopened.

ECF No. 28 at 40-41. Soon after, on November 12, 2021, the same ALJ issued the EEOC's Order of Dismissal, based on Attorney Savage's written request of August 1, 2018, more than three years before. ECF No. 28 at 19; Horne Dec. Ex. D. The Order provides in relevant part:

> [T]he above-captioned matter is DISMISSED . . . . In August 2018, Complainant's attorney submitted a written request to withdraw to proceed in federal court. The case was closed based on the request to withdraw but a dismissal order had inadvertently not been issued. This dismissal order is issued now, as Complainant recently contacted the EEOC seeking to revoke the withdrawal.

Id. The Order of Dismissal was accompanied by an advisory that Plaintiff may appeal within thirty days of the "agency's final order." ECF No. 28 at 20-21.

As of this writing, it appears that a final agency order has not yet issued. See Horne Dec. ¶ 25. Yet Plaintiff has now filed something that the EEOC is treating as an appeal of the EEOC's Order of Dismissal of the Pending EEOC Complaint to the EEOC's Office of Federal Operations ("OFO").[7] ECF Nos. 34, 36. Based on Plaintiff's most recent filings, on January 20, 2022, the EEOC granted Plaintiff's request for an extension to file her statement in support of her appeal, setting her deadline as March 7, 2022. ECF No. 36. The Navy's responsive statement is due on April 6, 2022. Id. From the day Plaintiff receives the EEOC's decision on

---

[7] The Horne Declaration avers that, as of the date it was signed, "[t]here is no indication that Ms. Hall has filed an appeal." Horne Dec. ¶ 26. Plaintiff's subsequent filings clarify that the EEOC's OFO has set a briefing schedule on what it is treating as an appeal. ECF Nos. 34, 36.

the appeal, and following a hearing and final agency decision on reopening if her appeal is successful, it would appear[8] that she would then have ninety days to file a lawsuit in federal court based on the claims set forth in the Pending EEOC Complaint. 29 C.F.R. § 1614.407; see generally E.E.O.C. v. Sterling Jewelers, Inc., No. 08-CV-706, 2010 WL 86376, at *5-6 (W.D.N.Y. Jan. 6, 2010).

## II.   STANDARD OF REVIEW

This Court "enjoys inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" City Of Bangor v. Citizens Commc'ns Co., 532 F.3d 70, 99 (1st Cir. 2008) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (federal courts have inherent power to stay litigation). This includes "'broad discretion to stay proceedings as an incident to its power to control its own docket,'" provided that a stay is an intrusion into the ordinary process of administration and judicial review and is not a matter of right. Katz v. Liberty Power Corp., LLC, Civil Action No. 18-cv-10506-ADB, 2020 WL 3440886, at *3 (D. Mass. June 23, 2020) (quoting Clinton v. Jones, 520 U.S. 681, 706-07 (1997)). A stay to hold pending litigation in abeyance until an administrative review process has run its course is within the scope of circumstances when discretion may appropriately be exercised to issue a stay. Marquis v. F.D.I.C., 965 F.2d 1148, 1155 (1st Cir. 1992). Nevertheless, such "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." Id. Deciding whether to stay ongoing proceedings involves

---

[8] To be clear, the sentence in the text is not intended to be a complete statement of all of Plaintiff's rights to bring a suit in federal court. Further, the Court is not ruling on Plaintiff's right to bring a new case in federal court, the timing of her right to do so, or whether the Navy may have defenses to the bringing of a new case based on the Pending EEOC Complaint in federal court. The Court is merely speculating regarding what might happen in concluding that the open-ended stay Plaintiff seeks could be extremely long.

balancing the interests of the parties and the Court. Katz, 2020 WL 3440886, at *3. As the party requesting the stay, Plaintiff bears the burden of showing that the circumstances justify such an exercise of discretion. Nken v. Holder, 556 U.S. 418, 433-34 (2009).

Applying these principles to litigation involving EEOC claims, the district court in Massachusetts has exercised discretion briefly to stay an early-stage federal court action to permit the plaintiff to seek to complete exhaustion of her operative EEOC proceeding by curing a technical deficiency (the inadvertent omission of the verification of the charge); the stay was limited in scope to thirty days to allow plaintiff to file a motion for leave to verify with the EEOC. Maillet v. TD Bank U.S. Holding Co., 981 F. Supp. 2d 97, 103 (D. Mass. 2013). Similarly, in Addison v. Dep't of the Navy, Civil Action No. DKC 13-0846, 2015 WL 1292745 (D. Md. Mar. 20, 2015), the district court responded to the plaintiff's motion to stay the federal case while he filed an EEOC administrative appeal by allowing a short period (thirty days) for him to "inform the court whether he wishes to proceed with his appeal at the EEOC or with his employment discrimination case." Id. at *2. And in Cormier v. Wal-Mart Stores, Inc., 145 F. Supp. 3d 666 (W.D. La. 2015), the district court noted that none of the five plaintiffs had received a right-to-sue letter from the EEOC and opted to stay the entire action until they did so. Id. at 668. By contrast, in Tillbery v. Kent Island Yacht Club, Inc., 461 F. App'x 288 (4th Cir. 2012), the Fourth Circuit affirmed the district court's dismissal of an employment claim based on the failure to exhaust due to what was unambiguously an EEOC clerical error in dismissing the underlying charge as untimely. Id. at 291. Only a lone dissenter suggested that it would have been preferable to stay the case while plaintiff amended her charge at the EEOC. Id. at 298 (Floyd, J., dissenting).

**III.     ANALYSIS**

The Court's work begins by focusing on the troubling fact that Plaintiff's pursuit of her Pending EEOC Complaint seemingly has been adversely impacted by the EEOC's inadvertence in failing to advise her former attorney of its dismissal of her case back in 2018.  The Court also must consider that Plaintiff now claims that she never authorized her former attorney to seek dismissal for the purpose of "efficien[cy]" (as he advised the EEOC in 2018) by consolidating the Pending EEOC Complaint allegations with the allegations pending in this Court.  In her filings since she became *pro se*, Plaintiff has represented to the EEOC and to this Court that she did not wish such consolidation.  Rather, she alleges that her former attorney acted without her consent and that she wanted, and still wants, to proceed to a hearing in the EEOC.  Put differently, Plaintiff has been clear that, back in 2018 (when this case was still at an early stage so that an amendment to add the claim in the Pending EEOC Complaint to this case would not have prejudiced the Navy), she did not want the EEOC hearing to be canceled so it could be moved into federal court.  Now, seemingly because of the EEOC's inadvertence, a lengthy delay has occurred and will likely continue in that, at this point, it is impossible to predict what the EEOC's OFO will do, including whether it will reopen the case and send it back to an EEOC ALJ for a full hearing.  Importantly, there is no suggestion that any conduct by the Navy contributed to this unfortunate situation.

Balanced against Plaintiff's situation is the reality that Plaintiff has asserted two almost entirely discrete claims against the Navy.  This consideration is pivotal; it tips against a stay at this time, subject to the possibility that further factual development, for example during the summary judgment phase, may reveal that a stay is appropriate.  The reasoning follows.

Plaintiff's claim of discriminatory gender-based and retaliatory termination of her position with the Navy in 2017 was asserted in the Exhausted EEOC Complaint and then brought in this Court in June 2018. It is captured in Count I and Count II of her pleading and appears to be fully exhausted. It has been the subject of active litigation in this court for three and a half years, discovery is essentially completed[9] and it is ripe to proceed to the final phases (expert disclosure, summary judgment and trial). Caused by the many extensions that the Court granted both before and after Plaintiff became *pro se*, the protracted period that this claim has already been pending is becoming increasingly troubling; it is prejudicial to the Navy and inconsistent with the orderly administration of justice and the operations of the Court. Except for the superficial overlap arising from the allegation that her removal was in part in retaliation for the filing of and refusal to dismiss the Pending EEOC Complaint, this claim is laser focused on events in June 2017, when Plaintiff's supervisor wrote the notice of proposed removal, and in August 2017, when the Navy removed Plaintiff from her position.

Plaintiff's other claim is focused on the hostile work environment to which Plaintiff alleges she was subjected from March 2016 until February 21, 2017. This claim has never been in issue in this case. Therefore, as of now, the parties have done no discovery on this claim. What the Court has learned of the merits of this claim from Plaintiff suggests that it is factually dense and will require wide-ranging discovery, including extensive document production and testimony from many witnesses. It also appears that there would be little overlap with the discovery now completed in this case. Therefore, if the Court were to permit this claim to be added to this case today, there would be an inevitable delay just for the parties to begin and complete discovery that would likely protract the pendency of this almost four-year-old case for

---

[9] See n.5 *supra*.

several more years. Moreover, Plaintiff is not asking to add the claim to this case now – rather, she is opting to press ahead in the EEOC. Thus, the length of the delay that a stay would cause is potentially far longer if Plaintiff is successful in persuading the EEOC to return her claim to the ALJ for a full hearing on the merits of the Pending EEOC Complaint.

Mindful of the foregoing, the Court has considered the competing equities, including the serious prejudice to the Navy of any more delay of this case, as well as the disruption to the Court that would be caused by an open-ended stay of a case ready to proceed to conclusion. These considerations are balanced against the only potential prejudice to Plaintiff – the loss of the efficiency of having both claims handled in a single forum. However, Plaintiff has been strident in advising the Court that this potential prejudice was not troubling to her in that she did not agree with, and now seeks to repudiate, her former attorney's 2018 effort to achieve that efficiency. Otherwise, she is not prejudiced by the denial of a stay in that it would not impact her ability to prosecute the Pending EEOC Complaint in the EEOC and, if appropriate, to file a new case based on that claim in federal court.

### IV. CONCLUSION

Based on the foregoing, Plaintiff's motions for stay (ECF Nos. 31, 33) are denied and the Navy's show cause response (ECF No. 32) is sustained. Because it remains conceivable that a more detailed statement of the applicable facts (for example, during briefing on a motion for summary judgment in this case) might reveal some prejudice to Plaintiff that the Court has not yet identified, the motions to stay are denied without prejudice.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
January 28, 2022