UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LORI HALL,	: | |
|     Plaintiff,	: | |
| 	: | |
| v.	: | C.A. No. 18-355-WES-PAS |
| 	: | |
| CARLOS DEL TORO, SECRETARY,	: | |
| U.S. DEPARTMENT OF THE NAVY	: | |
|     Defendant.	: | |

**ORDER REGARDING CONTACT WITH COURT STAFF**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

The Court is reluctantly compelled to address Plaintiff Lori Hall's pattern of contacting the Clerk's Office on an almost daily basis through multiple and repetitive *ex parte*[1] emails and voicemails. The emails have disrupted the Clerk's Office's ability to process matters for other litigants. Each email must be read carefully in an attempt to understand what Plaintiff intends as a filing, what is discovery that the Clerk's Office must return to her, and what are improper *ex parte* communications that should not have been made. Some of the emails address substantive issues related to her case. Plaintiff's pattern of emails has reached the point where the Court has been required to become involved on an almost daily basis to give direction to the Clerk's Office staff regarding how to respond.

The Court provides the following outline as a sample of some of Plaintiff's *ex parte* contact with the Clerk's Office:

    December 27-31, 2021: Plaintiff contacted the Clerk's Office by telephone several times and had at least two lengthy calls with staff;

---

[1] "Ex parte," by definition means contact with the court "without notice to, or argument by, anyone having an adverse interest." Black's Law Dictionary (11th ed. 2019).

  February 11, 2022:  Plaintiff had a lengthy telephone conversation with a member of the Clerk's Office staff where the staff member attempted to explain to Plaintiff the rules regarding court filings and general interactions with the Clerk's Office staff;

  February 10-13, 2022:  Plaintiff sent seven emails;

  February 14, 2022:  Plaintiff sent one email;

  February 15-16, 2022:  Plaintiff sent four emails;

  February 18-19, 2022:  Plaintiff sent sixteen emails and left one voicemail;

  February 20-22, 2022:  Plaintiff sent four emails, one email was sent directly to a member of the Clerk's Office staff and included the following statement: "I someone to be reckoned with as I explain to [a member of the Clerk's Office staff] many months ago.  I might even write a book, or have someone make a movie.  But definitely show light of Court judges with blood on their hands.  <u>Otherwise I'm gonna come at you from every avenue everywhere you turn I'll be.</u>  When God is on your side your limits are endless.  The enemy is weak."  Ms. Hall Email Feb. 21, 2022 (emphasis added).

The Court is mindful of Plaintiff's distress regarding her perception of events pertaining to her case.  Most recently, that distress relates at least in part to: (1) her misunderstanding of the Court's order of February 16, 2022, believing it was to dismiss her case; and (2) what she describes as a traumatic incident during her deposition, including her mistaken belief that she had applied to the Court to provide her with medical assistance during the deposition, a request which she believes was refused by Judge Smith.  To be clear, the Court's February 16 order referencing dismissal was in response to Plaintiff's request, <u>see</u> ECF No. 44, and Judge Smith had nothing to do with what may or may not have occurred during her deposition.  Plaintiff's emailing pattern, however, has reached the point that it has become an extraordinary burden on the Court, the Clerk's Office and its staff.  These frequent, and at times lengthy and confusing, contacts by Plaintiff have interfered with the Court's staff's ability to carry out their duties.  The Court is concerned about the potential for unfairness to Defendant arising from this ongoing

pattern of extended *ex parte* communications.  The Court is also concerned that it is unable to determine whether or when Plaintiff's emails are intended by her to be treated as filings; her recent emails asking for dismissal (resulting in the February 16 order) are an example.

      To address this problem, the Court hereby reminds Plaintiff:

(1)     The Court does not become involved in discovery related disputes unless and until there is a motion to compel.  Plaintiff's recent inquiries about her deposition (and prior discovery related communications) are not appropriate to be addressed to the Clerk's Office but must be directed to counsel for Defendant.  Plaintiff is reminded to refrain from emailing discovery related materials and inquiries to the Clerk's Office.

(2)     Plaintiff must clearly label material that she is submitting to the Clerk's Office for *filing* (to be placed on the docket).  Plaintiff is advised that any such email that contains something that she intends as a filing must comply with Local Rule Cv 7.[2]  The email must be addressed to RID_ECF_Intake@rid.uscourts.gov and contain "Pro Se Filing For Case No. 18-cv-355" in the subject line.  The email must include the document intended to be filed (to be placed on the docket) as a *separate* PDF attachment to the email.  The specific request for relief, response, reply, etc. (as governed by Local Rule Cv 7) must be contained in the PDF attachment and *not* in the body of the email.  The PDF attachment must: (1) contain a case caption that specifies the Court where the filing is made, the names of the parties and the case number; (2) contain a title that concisely describes the document; and (3) be signed (electronic or actual) by the filer and include a signature block that identifies the filer's name, address, telephone number and email address.

(3)     Court employees are not authorized to give legal advice and may not engage in discussion with litigants regarding legal or factual issues of a case.  Inquiries to the Clerk's Office staff must be restricted solely to a brief inquiry regarding *purely procedural* matters (such as how to make a filing).

(4)     Plaintiff may not communicate with the Clerk's Office *ex parte* by attempting to discuss (by argument or otherwise) the merits of her claim.

      If Plaintiff is unable to comply with these guidelines Plaintiff is cautioned that the Court will consider an order restricting her communications with the Clerk's Office and/or directing the Clerk's Office to disregard any communications that do not comply with these protocols.

---

[2] A link to the Court's local rules can be found at rid.uscourts.gov/rules-and-resources.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 22, 2022

4