UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORI HALL,  :
       Plaintiff,  :
         :
v.  :    C.A. No. 18-355-WES-PAS
         :
CARLOS DEL TORO, SECRETARY,  :
U.S. DEPARTMENT OF THE NAVY  :
       Defendant.  :

**ORDER**

    Now pending before the Court is Plaintiff's motion to stay "due to medical trauma" (ECF No. 54 at 1), with her accompanying request on reply that the Court amend the pretrial order by reopening fact discovery (ECF No. 59). Defendant opposed the stay motion, *inter alia*, because an indefinite stay is not warranted in that "Plaintiff has not shown that any medical issues prevent her from proceeding with this case." ECF No. 57 ¶ 10; see id. ¶ 9. The stay motion is now fully briefed, provided that Plaintiff's request that the Court amend the pretrial order to allow her to take the Fed. R. Civ. P. 30(b)(6) deposition of Defendant, among other matters, was inappropriately made for the first time on reply, unfairly depriving Defendant of the opportunity to respond. See DRI LR Cv 7(a)(1) & (4) (request for relief "must be made by motion" and reply may not "expand upon the argument made in support of the motion"). Further complicating the Court's ability to address the issues raised by the stay motion and the request to reopen is Plaintiff's appeal, which remains pending and casts a shadow over the Court's authority to proceed. See Russomano v. Novo Nordisk Inc., Civil Action No. 20-cv-10077-ADB, 2020 WL 2850253, at *1 (D. Mass. June 2, 2020) ("[A]s a general rule, the filing of a notice of appeal divests a district court of authority to proceed with respect to any matter

touching upon, or involved in, the appeal.") (cleaned up).  The stay motion has been referred to me for determination.

In her reply, Plaintiff clarified that, alternatively, she seeks a short stay (thirty days) so that she can provide medical documentation to support her stay motion:

> I am requesting a stay of a minimum of 30 days.  I plan on getting Dr. evaluation's [sic] to you and the request has already been submitted to my doctors. . . . [B]ecause I am pro se I request stay until psychiatric evaluation is performed.

ECF No. 58 at 2, 4.  Considering all of the circumstances, the Court finds that it is appropriate to grant the limited relief (a thirty-day stay) that Plaintiff asked for on reply.  This will afford Plaintiff time to submit documentation from medical providers verifying the impact of her mental health symptoms on her ability to litigate this civil case, including the timing of when any medically verified limitation may change.  Accordingly, Plaintiff's motion to stay (ECF No. 54) is granted in part in that proceedings in this case in the District Court (not in the Court of Appeals) are hereby stayed for a period of thirty days.  Otherwise, the motion to stay (including any request to reopen discovery) is denied without prejudice to Plaintiff seeking further relief at the end of the thirty-day period.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 3, 2022