UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORI HALL,                                        :
            Plaintiff,                         :
                                    :
            v.                                 :                    C.A. No. 18-355WES
                                      :
CARLOS DEL TORO, SECRETARY,            :
U.S. DEPARTMENT OF THE NAVY,           :
            Defendant.                         :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On June 30, 2022, Plaintiff filed her second notice of appeal,[1] ECF No. 79, together with her second motion to proceed *in forma pauperis* ("IFP") in the Court of Appeals. ECF No. 81. This time, Plaintiff has appropriately filled in and filed Form 4, with sufficient information to establish financial eligibility for IFP status. Id. I nevertheless recommend that the IFP motion be denied because her appeal is without merit and therefore cannot meet the 28 U.S.C. § 1915(a)(3) good faith requirement.

For this second interlocutory appeal, Plaintiff's stated entitlement to redress and the issues to be presented on appeal are the same[2] as those stated in support of her first appeal; that is, they relate to her pending complaints of judicial misconduct. ECF No. 81 at 3. This is largely confirmed by her notice of appeal, which lists eleven docket entries described as "motions to appeal," ECF No. 79 at 1, most of which are Plaintiff's many motions asking for judicial disqualification, discovery to support disqualification and a cessation of judicial misconduct

---

[1] Plaintiff's first appeal was dismissed for lack of jurisdiction on May 9, 2022, because no final or otherwise appealable order had been issued by the district court. ECF No. 63.

[2] The affidavit in support of the pending IFP application is a copy of the affidavit Plaintiff belatedly filed in support of her application for IFP status for her first appeal. Compare ECF No. 81, with ECF No. 66.

(ECF Nos. 22, 25, 28, 29, 30, 41); the appeal notice consistently states "[r]equest to appeal . . .

[a]ll motions of [r]ec[]usal" "[a]ll due to . . . judicial [mis]conduct."  ECF No. 79 at 1.  In

addition, Plaintiff also listed for appeal: her motion to stay pending resolution of ongoing

proceedings regarding a different (though related) claim in the Equal Employment Opportunity

Commission (ECF Nos. 32, 33); one order returning improperly filed discovery materials (ECF

No. 42); Plaintiff's later withdrawn motion for voluntary dismissal (ECF No. 44); and Plaintiff's

first motion for IFP status (ECF No. 53).  While unrelated to the list of docket entries on which

the appeal is based, her notice further states, "[r]equest all motions of [s]tay [r]equest extension

for continuation of mental health documented at dist court."  ECF No. 79 at 1.[3]

Of these, the only matters conceivably appropriate for consideration by interlocutory

appeal are the denials of Plaintiff's motions related to her quest for judicial disqualification.[4]

However, in this Circuit, such orders are "[o]rdinarily" reviewable only on appeal from final

judgment.  In re Martinez-Catala, 129 F.3d 213, 217 (1st Cir. 1997).  Interlocutory review of the

issue of judicial disqualification is permitted only if the appellant "present[s] an extraordinary

situation suitable for the exercise of . . . mandamus jurisdiction."  In re Vazquez-Botet, 464 F.3d

54, 57 (1st Cir. 2006) (internal quotation marks omitted).  To trigger such appellate jurisdiction,

the mandamus petitioner must ask for issuance of the writ of mandamus and make "a showing of

---

[3] As of this writing, this issue – whether this case should continue to be stayed due to Plaintiff's mental health – remains undecided by this Court.  The previously imposed stay has ended and Plaintiff's renewed motion for an indefinite mental health-based stay is pending decision.  ECF No. 68.  It is unclear whether Plaintiff is seeking to appeal the interim orders dealing with this issue (ECF Nos. 61, 67), which are not listed in her notice of appeal, or whether she is asking the Court of Appeals to take the issue over from the District Court and decide it in the first instance.

[4] The Court's various orders, some granting in part and some denying, on Plaintiff's various motions to stay are not immediately appealable.  Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287-90 (1988); see Womack v. Saba, Civil Action No. 11-40138-TSH, 2012 WL 2885984, at *1 (D. Mass. July 12, 2012) ("stay orders that merely regulate the course of judicial proceedings, such as in this case, are not considered injunctions and do not qualify" for immediate appeal).  Nor is the order returning improperly filed discovery.  The remaining matters listed for appeal do not implicate orders of the Court.

both clear entitlement to the requested relief and irreparable harm without it, accompanied by a favorable balance of the equities." In re Cargill, Inc., 66 F.3d 1256, 1260 (1st Cir. 1995). "[I]n recusal cases, mandamus is almost always withheld . . . unless the petitioner demonstrates that [she] is clearly entitled to relief." In re Martinez-Catala, 129 F.3d at 218 (internal quotation marks omitted).

Plaintiff has not petitioned for issuance of the writ of mandamus, nor do the circumstances of this case even come close to approaching what she would have to show to support issuance of the writ. See In re Cargill Inc., 66 F.3d at 1260-64; In re Martinez-Catala, 129 F.3d at 218-22. Therefore, Plaintiff's appeal implicates only non-final orders that are not appropriate for interlocutory appeal and, to that extent, is without merit. See, e.g., Athens v. Bank of Am., Case No. 21-cv-748-SM, 2022 WL 2161126, at *1 n.1 & *2 (D.N.H. Feb. 4, 2022) (IFP denied on interlocutory appeal of order denying motion to recuse). Based on the foregoing, mindful that this is Plaintiff's second such appeal and finding that it has been brought for the purpose of further delaying these proceedings,[5] I find that Plaintiff's appeal is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); see generally Lyons v. Wall, No. 04-380-T, 2007 WL 2067661, at *1 (D.R.I. Jul. 13, 2007). Accordingly, I recommend that her IFP application be denied.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.

---

[5] I find that this appeal was taken for the purpose of further delaying these proceedings based on Plaintiff's longstanding pattern of delay, see, e.g., ECF No. 57 ¶¶ 7-8, as well as on the timing of the new appeal, which was filed one week before the temporary stay of this case ended.

See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v.

Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 12, 2022