UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORI HALL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-cv-355-WES-PAS |
| | : | |
| CARLOS DEL TORO, SECRETARY OF | : | |
| U.S. DEPARTMENT OF NAVY, | : | |
|     Defendant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Pending before me on referral for determination are two motions for recusal filed by *pro se* Plaintiff Lori Hall:[1] first, the motion for recusal of Judge Smith and Magistrate Judge Sullivan and, second, the motion for recusal of Judge Smith, Magistrate Judge Sullivan, and "[C]lerk Megan." ECF Nos. 115; 116 at 1, 3, 4. Mindful that "[m]otions seeking recusal and disqualification are generally entertained by the challenged judge," Myers v. United States, 1:17CR18-1, 2022 WL 3043657, at *1 n.1 (M.D.N.C. Aug. 2, 2022) (internal quotation marks omitted), to the extent that the motions seek to recuse Judge Smith, they are addressed separately in a report and recommendation. In this memorandum and order, I address the motions only to the extent that they seek to recuse me and Clerk Megan. For the reasons that follow, this aspect of the motions is denied.

    These are Plaintiff's fourth and fifth motions to recuse a judicial officer. This is her first motion to recuse an employee of the clerk's office ("[C]lerk Megan"). ECF No. 116 at 1.

---

[1] Because she is a *pro se* litigant, I have leniently reviewed Plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (per curiam).

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983); see Smith v. 6th Division District Court, C.A. No. 22-121JJM, 2022 WL 1088582, at *1 (D.R.I. Apr. 6, 2022), appeal docketed, No. 22-1329 (1st Cir. May 4, 2022). "The well-established test . . . is . . . whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable [person]." Panzardi-Alvarez v. United States, 879 F.2d 975, 983 (1st Cir. 1989) (internal quotation marks omitted). Recusal is required when the objective circumstances create an appearance of partiality. In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997). "Dissatisfaction with a judicial decision is not a basis for recusal." Silva v. Rhode Island, C.A. No. 19-568-JJM-PAS, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021). In addition, § 455(a) does not require judicial recusal based on "unsupported, irrational, or highly tenuous speculation." In re Martinez-Catala, 129 F.3d at 220 (internal quotation marks omitted).

Unlike judges, an employee of the clerk's office is not subject to recusal pursuant to §§ 455 and 144. See 28 U.S.C. § 455(a) ("[a]ny justice, judge or magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned") (emphasis added); 28 U.S.C. § 144 (challenging bias or prejudice of "the judge before whom the matter is pending") (emphasis added). However, pursuant to the "Code of Conduct for Judicial Employees," a judicial employee should avoid conflicts of interest, which arise when an

2

employee is "so personally or financially affected by a matter that a reasonable person with knowledge of the relevant facts would question the judicial employee's ability properly to perform official duties in an impartial manner." 2 Guide to Judicial Policy, Pt. A, ch. 3, § 320 Canon 3 F(1). If a potential conflict of interest arises, the employee should promptly inform his or her appointing authority, who should first determine whether a conflict or the appearance of a conflict of interest exists and, if it does, take appropriate steps to restrict the judicial employee's performance of official duties in such matter so as to avoid the conflict or the appearance of conflict. Id. F(3).

With these motions, Plaintiff seeks my recusal (1) based on what Plaintiff alleges was a "pathetic attempt of intimidation," a wellness check on her performed by law enforcement arising from comments Plaintiff made in material she sent to the court;[2] (2) based on her belief that the "chief judge denied [her] pro se rights for court evaluation" and was involved in her "trauma when the sonographer died during the compromised oath on 17 February 2022"; (3) based on her belief that the "chief judge . . . stated he never contacted [the Equal Employment Opportunity Commission] is another fraudulent lie"; (4) based on her belief that there has been judicial "manipulation with premeditated results to influence the outcome of my case"; and (5) based on threats of dismissal. See ECF Nos. 115 at 1; 116 at 2, 3, 5. Plaintiff seeks recusal of the employee of the clerk's office because this individual failed to provide information about the law enforcement wellness check. ECF No. 116 at 1. Plaintiff makes no allegation of circumstances potentially amounting to a conflict of interest on the part of this employee.

---

[2] Plaintiff attached to one of her motions a copy of a police report, which references "comments on social media." ECF No. 115 at 3. Plaintiff is puzzled by this reference to "social media," as am I. As far as the Court is aware, Plaintiff's comments of concern were in material Plaintiff emailed to the Court, not in social media.

Plaintiff's grounds for seeking judicial recusal are not based on my personal bias or prejudice, direct financial or other stake in the outcome of the proceeding or any familial or personal relationship with any of the parties; indeed, the current motions are largely focused not on me but on Judge Smith. Viewed objectively as to me, these circumstances do not suggest any reasonable basis to question my impartiality. Rather, Plaintiff's motions appear to be based on her "[d]issatisfaction with . . . judicial decision[s,]" Silva, 2021 WL 4712902, at *2, and "unsupported, irrational, or highly tenuous speculation[,]" In re Martinez-Catala, 129 F.3d at 220 (internal quotation marks omitted); neither of these are grounds for judicial recusal. Similarly, Plaintiff's motion to recuse the employee of the clerk's office is devoid of any suggestion that the employee is personally or financially affected by this matter.

Because this is not a circumstance where my impartiality "might reasonably be questioned," In re United States, 441 F.3d 44, 68 (1st Cir. 2006) (internal quotation marks omitted), nor do I have personal bias or prejudice towards Plaintiff, nor is the clerk's office employee subject to any alleged conflict of interest, and mindful of the principle that a judge has "a duty not to recuse . . . herself if there is no objective basis for recusal," id. at 67 (emphasis added), Plaintiff's motions to recuse me and Clerk Megan are denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 17, 2022