UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORI HALL,  :
      Plaintiff,  :
   :
v.  :      C.A. No. 18-cv-355-WES-PAS
   :
CARLOS DEL TORO, SECRETARY OF  :
U.S. DEPARTMENT OF NAVY,  :
      Defendant.  :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      Pending before me on referral for determination are two motions for recusal filed by *pro se* Plaintiff Lori Hall:[1] first, the motion for recusal of Judge Smith and Magistrate Judge Sullivan and, second, the motion for recusal of Judge Smith, Magistrate Judge Sullivan, and "[C]lerk Megan." ECF Nos. 115; 116 at 1, 3, 4. The motions to recuse me and Clerk Megan have been determined in a separate Memorandum and Order; the motions to recuse Judge Smith are addressed by this report and recommendation.[2] For the reasons that follow, I recommend that the motions to recuse Judge Smith be denied. These are Plaintiff's fourth and fifth motions to recuse.

---

[1] Because she is a *pro se* litigant, I have leniently reviewed Plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (per curiam).

[2] "Motions seeking recusal and disqualification are generally entertained by the challenged judge." Myers v. United States, 1:17CR18-1, 2022 WL 3043657, at *1 n.1 (M.D.N.C. Aug. 2, 2022) (internal quotation marks omitted). When a motion to recuse the district judge is referred to a magistrate judge, some magistrate judges "defer" the decision on a motion to recuse another judicial officer, Watson v. McPhatter, 1:17CV934, 2022 WL 1204925, at *1 (M.D.N.C. Apr. 22, 2022), while others deal with it with a recommendation, rather than a decision, even though motions to recuse are not listed as dispositive in 28 U.S.C. § 636(b). Easterling v. Crawford, No. 3:14-cv-226, 2014 WL 5803029, at *1 (S.D. Ohio Nov. 7, 2014), adopted, 2015 WL 880977 (S.D. Ohio Mar. 2, 2015). I have opted for the latter approach.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983); see Smith v. 6th Division District Court, C.A. No. 22-121JJM, 2022 WL 1088582, at *1 (D.R.I. Apr. 6, 2022), appeal docketed, No. 22-1329 (1st Cir. May 4, 2022). "The well-established test . . . is . . . whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable [person]." Panzardi-Alvarez v. United States, 879 F.2d 975, 983 (1st Cir. 1989) (internal quotation marks omitted). Recusal is required when the objective circumstances create an appearance of partiality. In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997). "Dissatisfaction with a judicial decision is not a basis for recusal." Silva v. Rhode Island, C.A. No. 19-568-JJM-PAS, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021). In addition, § 455(a) does not require judicial recusal based on "unsupported, irrational, or highly tenuous speculation." In re Martinez-Catala, 129 F.3d at 220 (internal quotation marks omitted).

With these motions, Plaintiff seeks recusal of Judge Smith (1) based on what Plaintiff alleges was a "pathetic attempt of intimidation," a wellness check on her performed by law enforcement arising from comments Plaintiff made in material she sent to the court;[3] (2) based on her belief that the "chief judge denied [her] pro se rights for court evaluation" and was

---

[3] Plaintiff attached to one of her motions a copy of a police report, which references "comments on social media." ECF No. 115 at 3. Plaintiff is puzzled by this reference to "social media." As far as the Court is aware, Plaintiff's comments of concern were in material Plaintiff emailed to the Court, not in social media.

2

involved in her "trauma when the sonographer died during the compromised oath on 17 February 2022"; (3) based on her belief that the "chief judge . . . stated he never contacted [the Equal Employment Opportunity Commission] is another fraudulent lie"; (4) based on her belief that there has been judicial "manipulation with premeditated results to influence the outcome of my case"; and (5) based on threats of dismissal. See ECF Nos. 115 at 1; 116 at 2, 3, 5.

Plaintiff's grounds for seeking judicial recusal are not based on Judge Smith's personal bias or prejudice, direct financial or other stake in the outcome of the proceeding or any familial or personal relationship with any of the parties. Further, viewed objectively, these circumstances do not suggest any reasonable basis to question Judge Smith's impartiality. Rather, Plaintiff's motions appear to be based on her "[d]issatisfaction with . . . judicial decision[s,]" Silva, 2021 WL 4712902, at *2, and "unsupported, irrational, or highly tenuous speculation[,]" In re Martinez-Catala, 129 F.3d at 220 (internal quotation marks omitted); neither of these are grounds for judicial recusal.

Because this is not a circumstance where Judge Smith's impartiality "might reasonably be questioned," In re United States, 441 F.3d 44, 68 (1st Cir. 2006) (internal quotation marks omitted), nor is there any suggestion that Judge Smith has personal bias or prejudice towards Plaintiff, and mindful of the principle that a judge has "a duty not to recuse . . . [him]self if there is no objective basis for recusal," id. at 67 (emphasis added), I recommend that Plaintiff's motions to recuse Judge Smith be denied. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and

3

the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 17, 2022